UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEVEN HIBBLER,

    Petitioner,

v.                                                               Case No. 12-15081

KEN ROMANOWSKI,

    Respondent.
                                       /

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

    Petitioner Steven Hibbler, who is presently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. # 1, Pg. ID 1.) In his application, Petitioner challenges his conviction for first-degree murder (Mich. Comp. Laws § 750.316), assault with intent to rob while armed (Mich. Comp. Laws § 750.89), conspiracy to commit armed robbery (Mich. Comp. Laws § 750.157a), armed robbery (Mich. Comp. Laws § 750.529), and three counts of felony firearm (Mich. Comp. Laws §.750.227b). For the reasons stated below, the petition for writ of habeas corpus will be denied.

**I. Background**

    Petitioner was convicted of the above offenses following a jury trial in the Berrien County Circuit Court. Direct review of Petitioner's conviction ended on August 28, 1998, when the Michigan Supreme Court denied Petitioner leave to appeal following the

affirmance of his conviction by the Michigan Court of Appeals on his appeal of right. *People v. Hibbler*, 584 N.W. 2d 587 (Mich.1998).

On June 16, 2008, Petitioner filed a post-conviction motion for relief from judgment with the trial court. After the trial court denied the motion for relief from judgment and the Michigan Court of Appeals denied Petitioner's application for leave to appeal, collateral review of Petitioner's conviction ended in the state courts on September 4, 2012, when the Michigan Supreme Court denied Petitioner's application for leave to appeal the denial of his post-conviction motion. *People v. Hibbler*, 819 N.W. 2d 876 (Mich. 2012).

Petitioner's habeas application was filed with this Court by counsel on November 16, 2012.

## II. Discussion

### A. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones*, 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied Petitioner leave to appeal on August 28, 1998.  Petitioner's conviction became final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  Petitioner's judgment therefore became final on November 26, 1998, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court.  *Holloway*, 166 F. Supp. 2d at 1188.  Absent tolling, Petitioner had until November 26, 1999, to timely file his habeas petition.

Petitioner filed his post-conviction motion for relief from judgment on June 16, 2008, long after the one year limitations period had already expired.  A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F. 3d 717, 718, n.1 (6th Cir. 2002).  Petitioner's motion for relief from judgment, which was filed in the state court after the expiration of the limitations period, therefore did not toll the limitations period.  *See Parker v. Renico*, 105 Fed. App'x 16, 18 (6th Cir. 2004).

3

The Court is aware that Petitioner alleges that he has newly discovered evidence of innocence in the form of a recanting affidavit from prosecution witness and co-defendant Lonnie Avant, dated December 28, 2007. (Dkt. # 1-6, Pg. ID 121-22.) Avant did not testify at Petitioner's trial. Avant, however, made a statement to the police on February 1, 1995, in which he implicated Petitioner in the robbery and murder. (Dkt. # 9-3, Pg. ID 2301-03.) On June 19, 1995, Avant pleaded guilty to a reduced charge of second-degree murder, conspiracy to commit armed robbery, and three counts of felony-firearm. In exchange for his plea, Avant agreed to testify against co-defendants Charles Bell and Petitioner, if necessary. At his plea hearing, Avant also implicated Petitioner in the robbery and the murder, saying that Petitioner shot the victim three times. (Dkt. # 9-3, Pg. ID 2316.)

Pursuant to 28 U.S.C.§ 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles*, 431 F. 3d 896, 898 (6th Cir. 2005). Petitioner has raised seven claims in his petition for writ of habeas corpus, including: 1) failure to give certain jury instruction claims, 2) failure of the trial court to question a juror who had a relationship with the daughter of the deceased, 3) denial of the right to confrontation, 4) prosecutorial misconduct, 5) ineffective assistance of trial counsel, 6) newly discovered evidence, and 7) cause and prejudice to excuse the procedural default. Petitioner's seventh claim is not a substantive claim for relief but is simply an argument to excuse the procedural default in the other claims.

4

The allegedly newly discovered evidence of Avant's recanting affidavit has no connection to Petitioner's first through fifth claims. Because Petitioner's first through fifth claims do not rest upon the newly discovered evidence of Avant's recanting affidavit, this evidence cannot logically constitute a "factual predicate" for Petitioner's first through fifth claims, as defined by § 2244(d)(1)(D), thus, these claims are time-barred, regardless of whether the alleged recanting affidavit would constitute newly discovered evidence with respect to Petitioner's sixth claim. *See Ege v. Yukins*, 485 F. 3d 364, 373-74 (6th Cir. 2007).

Petitioner is also not entitled to delay the commencement of the limitations period with respect to his sixth claim because Petitioner does not indicate when he first learned about Avant's recantation or what steps he took to obtain his affidavit. The time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *Redmond v. Jackson*, 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. *Id.* Finally, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. A habeas petitioner has the burden of proof in persuading a federal court that he or she exercised due diligence in searching for the factual predicate of the habeas claims. *See Stokes v. Leonard*, 36 Fed. Appx. 801, 804 (6th Cir. 2002).

The only information that the court has in determining whether Petitioner acted with due diligence in discovering Avant's alleged recantation is the date that Avant's affidavit was signed and notarized, December 28, 2007. This date merely informs the Court when the notary signed the affidavit, not when Avant recanted his earlier statement to the police and not what Petitioner did to obtain the affidavit earlier. Petitioner has thus failed to show how he exercised due diligence in obtaining Avant's affidavit, so as to delay the start of the one year limitations period pursuant to § 2244(d)(1)(D). *See Townsend v. Lafler*, 99 Fed. Appx. 606, 608 (6th Cir. 2004).

### B. Equitable Tolling

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts," and the burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). Here, Petitioner has failed to argue that the circumstances of his case warrant equitable tolling.

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, the Court cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). For an actual innocence exception

to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception because Lonnie Avant's recanting affidavit is insufficient to establish Petitioner's innocence. The court is not persuaded that, in light of Avant's recantation, no reasonable juror would have found Petitioner guilty beyond reasonable doubt. First, Avant did not testify at trial, meaning that Hibbler's conviction was not based on the testimony that Avant later recanted. Second, while Avant's affidavit states that he and a co-conspirator shot the man that Petitioner was convicted of murdering, the affidavit does not state that Petitioner did *not* shoot or otherwise harm the victim. In fact, the affidavit states that Petitioner was involved in the incident that led to the victim's death. (Dkt. # 1-6. Pg. ID 121-22.) Third, recanting affidavits, such as Avant's, are viewed with "extreme suspicion." *Byrd v. Collins*, 209 F. 3d 486, 508, n.16 (6th Cir. 2000). Courts "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup*, 513 U.S. at 332. Here, Avant did not sign the allegedly recanting affidavit until December 28, 2007, which was more than twelve years after Petitioner was convicted of this crime and after Avant had incriminated Petitioner to the police and at his own guilty plea hearing. The purported affidavit does not offer any convincing explanation as to why Avant waited more than twelve years to make this statement. Under similar circumstances, courts have found recanting affidavits insufficient to establish innocence. See *McCray v. Vasbinder,* 499

7

F.3d 568 (6th Cir.2007) (district court's holding of equitable tolling and grant of habeas relief reversed as reasonable jurors would discount each of the items of new evidence); *Turner v. Romanowski,* 409 Fed. App'x 922 (6th Cir.2011) (affirming denial of affidavit-based actual innocence claim without evidentiary hearing); *Franklin v. Woods*, No. 09-13466, 2012 WL 5843157, at *9 (E.D. Mich. Nov. 19, 2012) (finding that, where a recanting affidavit was not signed until almost seven years after a habeas petitioner's conviction and where the affidavit "does not offer any convincing explanation why [the affiant] waited so long to recant his testimony," the recanting affidavit did not require that the petitioner be granted a new trial).

### IV. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. at 327. In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits of the claim. *Id.* at 336–37.

Likewise, when a district court denies a habeas petition on procedural grounds

without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* Having considered the matter, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the Court will deny Petitioner a certificate of appealability.

## V. Conclusion

IT IS ORDERED that Petitioner Steven Hibbler's Petition for Writ of Habeas Corpus (Dkt. # 1) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: April 29, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 29, 2015, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522